29,948-10

4-30-15

ABEL ACOSTA

SUPREME COURT BUILDING

AUSTIN COURT OF CRIMINAL APPEALS

P.O. BOX 12308

AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 12 2015

Abel Acosta, Clerk

RE: REQUEST FOR YOUR HELP TO FILE THIS WITH THE COURT BECAUSE OF HUMAN MISTAKE WITH DISTRICT CLERK BUT I WANT THIS COURT TO REVIEW ALL THIS PAPER WORK WITH CAUSE NO. 2006-412699-B.

DEAR CLERK,

FIRST OF ALL I DON'T KNOW HOW TO CORRECT THIS AT THIS STAGE SO I HOPE YOU CAN HELP ME. I WOULD LIKE TO TAKE THE TIME TO EXPLAIN TO YOU WHAT HAS HAPPEN, FIRST OF ALL I MAIL WHAT I CALL MY MEMORANDUM OF LAW - IS MY HAND WRITTEN APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07, BASE ON NEWLY DISCOVER EVIDENCE ON SENTENCE, NO INTERVENING CONVICTION NEWLY DISCOVER EVIDENCE. I MAIL IT ALONG WITH MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS AND MOTION FOR DISCOVERY TO COMPELL THE STATE TO SHOW REPORTER'S RECORD THAT A 2001 DWI WAS INTRODUCE DURING CASE IN CHIEF. ALL THIS WENT IN ONE LEGAL EVELOPE ___ 2 COPIES OF EACH.

IN A SEPARATE ENVELOPE I SENT THEN THE FORMS, AT THAT TIME I THOUGHT THEY HAD RECEIVE THEM THE FORMS FOR A 11.07 ALSO, THEN THE COURT SENDS ME EXHIBIT I AND TWO MORE FORMS, SO I FILL THEM OUT THE SAME WAY AS I DID THE FIRST ONE I HAD SENT AND SEND IT TO THEM, BUT NOW THEY ARE CLASSIFIYING ALL THIS OTHER ANOTHER WRIT, INSTEAD OF PUTTING ALL THIS WITH 2006-412699-B, NOW THEY HAVE FILE ANOTHER UNDER 2006-412699-C.

SO WHAT I AM ASKING THE COURT TO DO IS TO CONSIDER ALL THIS UNDER 2006-412699-B AND DISMISS 2006-412699-C.

I HOPE YOU ARE ABLE TO FIGURE ALL THIS OUT SO THAT IT DOES NOT TIE UP THE COURT.

THANK YOU FOR YOUR TIME ON THIS MATTER AND A COPY OF THIS LETTER WILL BE MAIL TO ████ DISTRICT CLERK.

THANK YOU!

Daniel Villa #1386118

ENSIHAM UNIT - 12-5

2665-PRISON Rd. 1

LOVELADY, TEXAS 75851

P. 2

EXHIBIT-1



**OFFICE OF THE DISTRICT CLERK**
ROOM 105, COURTHOUSE
P O BOX 10536
LUBBOCK, TEXAS 79408-3536
(806) 775-1317
FAX (806) 775-7992

**BARBARA SUCSY**
DISTRICT CLERK
**JUDY BORDER**
CHIEF DEPUTY

September 3, 2015

Daniel Villa #1386118
Eastham Unit 12-5
2665 Prison Road #1
Lovelady, TX 75851

LEGAL MAIL

Re: Application for Post-Conviction Writ of Habeas Corpus
Cause No. 2006-412,699 – State of Texas v. Daniel Villa in the 137th District Court of Lubbock County

Mr. Villa:

I am in receipt of the following motions which have been filed of record:

1. Motion for Discovery to Compel the State to Show Reporter's Record that a 2001 DWI Was Introduced During Case-in-Chief
2. Motion for Judicial Notice of Adjudicative Facts

Copies of both motions and your cover letters were delivered to the Criminal District Attorney's Office.

I could not accept for filing your Application for Writ of Habeas Corpus, and am returning those to you. The law requires that you submit the application on the enclosed form. They will not accept what you have submitted. Please remit the application for writ of habeas corpus on the form enclosed. I have enclosed two separate forms for your use.

Barbara Sucsy
Lubbock County District Clerk

EXHIBIT 2

CAUSE NO. 2006-412699

DISTRICT CLERK
BARBARA SUCSY
ROOM 105 COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79401

2015 SEP -3 AM 10:32
Barbara Sucsy
COPY FOR RECORD
DIST. CLERK LUBBOCK CO.
DEPUT

RE: APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07 BASE ON NEWLY DISCOVER EVIDENCE ON SENTENCE, NO INTERVENING CONVICTION NEWLY DISCOVER EVIDENCE.

DEAR MADAM,                                    DATE 8-24-15

ENCLOSE IS THE ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07, IN THE ABOVE STYLED CAUSE, PLEASE FILE THIS AND BRING IT TO THE ATTENTION OF THE COURT. PLEASE SERVE A COPY OF THIS APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07 TO THE CRIMINAL DISTRICT ATTORNEY.

ENCLOSED IS A EXTRA COPY OF THIS LETTER TO HAVE STAMPED DATED AND MAIL BACK TO ME IN THE ENCLOSE SELF ADDRESS ENVELOPE FOR MY RECORDS.

THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER. EXHIBITS HAVE ONLY BEEN SUPPLY TO THE COURT.

RESPECTFULLY SUBMITTED
Daniel Villa #1386118
EASTHAM UNIT 12-5
2665 PRISON RD. #1
LOVELADY, TEXAS 75851

EXHIBIT 2

CAUSE NO. 2006-412699

DISTRICT CLERK
BARBARA S. SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79401

2015 SEP -3 AM 10: 16

RE: MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

DEAR CLERK,                                          DATE 8-24-15
    ENCLOSE PLEASE FINE APPLICANT'S MOTION FOR THE
COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS,
IN THE ABOVE STYLED AND NUMBER CAUSE, PLEASE FILE
THIS MOTION AND BRING IT TO THE ATTENTION OF THE COURT.
    A EXTRA COPY OF THIS MOTION HAS BEEN SENT AND PLEASE
SERVE A COPY TO THE DISTRICT ATTORNEY, ENCLOSE ALSO
IS A EXTRA COPY OF THIS LETTER TO HAVE STAMPED DATED
AND MAIL BACK TO ME IN THE ENCLOSE SELF ADDRESS
ENVELOPE FOR MY RECORDS.
    THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

                            RESPECTFULLY SUBMITTED
                            Daniel Villa #1386118
                            EASTHAM UNIT 12-5
                            2665 PRISON Rd. #1
                            LOVELADY, TEXAS 75851

EXHIBIT 2

CAUSE NO. 2006-412699

DISTRICT CLERK
BARBARA SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79401

2015 SEP -3 AM 10:19

RE: MOTION FOR DISCOVERY TO COMPELL THE STATE TO SHOW REPORTERS RECORD THAT A 2001 OWI WAS INTRODUCE DURING CASE IN CHIEF.

DEAR CLERK,                                            DATE 8-24-15

ENCLOSE PLEASE FIND APPLICANT'S MOTION FOR DISCOVERY TO COMPELL THE STATE TO SHOW REPORTERS RECORD THAT A 2001 OWI WAS INTRODUCE DURING CASE IN CHIEF, IN THE ABOVE STYLED AND NUMBER CAUSE, PLEASE FILE THIS MOTION AND BRING IT TO THE ATTENTION OF THE COURT.

ENCLOSE IS A EXTRA COPY OF THIS LETTER TO HAVE STAMPED DATED AND MAIL BACK TO ME IN THE ENCLOSE SELF ADDRESS ENVELOPE FOR MY RECORDS, PLEASE SERVE A COPY OF THIS MOTION TO THE CRIMINAL DISTRICT ATTORNEY.

THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118

EASTHAM UNIT 12-5
2665 PRISON RD. #1
LOVELADY, TEXAS 75851



EXHIBIT 3

CAUSE NO. 2006-412699-B

DISTRICT CLERK

BARBARA SUCSY

Room 105, COURTHOUSE

P.O. BOX 10536

LUBBOCK, TEXAS 79408

RE: PLEASE MAIL TO COURT OF CRIMINAL APPEALS WHAT YOU COULD NOT ACCEPT FOR FILING MY APPLICATION FOR WRIT OF HABEAS CORPUS THAT I HAVE RETURN TO YOU ON 9-11-15.

DEAR CLERK,

In my last letter to you date 9-11-15 I mailed you the forms you sent to me along with what I consider my memorandum with legal citation and arguments. My question to you is did you make a copy of that for the judge and district attorney to see? Even if you didn't can you still bring my memorandum to there attentions and also make it part of my 11.07 to send to court of criminal appeals? I ask you this because I have already got answer from appeal lawyer or district attorney but I had more then what you considered my application of writ of habeas corpus on 9-24-15 as I considered that my memorandum with legal citation and arguments. I would also ask that you give me reasonable amount of time to respond to state's answer so judge can reveiw it and also to have response mail with 11.07 to court of criminal appeals.

Thank you for you help on this matter.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118

EXHIBIT 4

## CAUSE NO. 2006-412699-B

DISTRICT CLERK
BARBARA SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79408

RE: HERE ARE FORMS FOR 11.07 YOU SENT ME AND MY MEMORANDUM WITH LEGAL CITATION AND ARGUMENTS.

DEAR CLERK,                          DATE 9-11-15

ENCLOSE ARE THE FORMS FOR 11.07 YOU SENT ME AND MY MEMORANDUM WITH LEGAL CITATION AND ARGUMENTS IN CASE YOU DID NOT MAKE A COPY. I HAD SEND YOU THE FORMS ON 8-29-15 IN A SEPARATE ENVELOPE BE- THEY WOULD NOT FIT WITH OTHER ENVELOPE. ALSO I HAD TO WAIT TO GET FORMS BECAUSE WE WENT ON LOCKDOWN, ANYWAY BY THE POST MARK OF WHEN YOU MAIL ME THESE FORM IS DATED SEPTEMBER 3, 2015 AND I DID NOT RE- THEM TILL SEPTEMBER 10, 2015. THE SAME DAY YOU MAIL THE FORM TO ME SEPTEMBER 3, 2015 I LEFT THE NEXT DAY ON MEDICAL CHAIN AND DID NOT GET BACK TILL SEPTEMBER 9, 2015 AND GOT FORM SEPTEMBER 10, 2015, SO PLEASE FILE THESE AND BRING THEM TO THE ATTENTION OF THE COURT; DISTRICT ATTORNEY.

THANK YOU FOR YOU TIME ON THIS MATTER!

RESPECTFULLY SUBMITTED

Daniel Welle #1386118

EXHIBITS

CAUSE NO. 2006-412,699

DISTRICT CLERK
BARBARA SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79408

FILED FOR RECORD DISTRICT CLERK LUBBOCK CO. BY Barbara Sucsy DEPUTY 2015 SEP 24 AM 8:56

RE: _____ APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07. BASE ON NEWLY DISCOVER EVIDENCE ON SENTENCE, NO INTERVENING CONVICTION NEWLY DISCOVER EVIDENCE.

DEAR MADAM,                                    DATE-8-24-15 OR 9-11-15

ENCLOSE IS THE ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07, IN THE ABOVE SYLED CAUSE. PLEASE FILE THIS AND BRING IT TO THE ATTENTION OF THE COURT. PLEASE SERVE A COPY OF THIS APPLICATION FOR WRIT OF HABEAS CORPUS ARTICLE 11.07 TO THE CRIMINAL DISTRICT ATTORNEY.

ENCLOSE IS A EXTRA COPY OF THIS LETTER TO HAVE STAMPED DATED AND MAIL BACK TO ME IN THE ENCLOSE SELF ADDRESS ENVELOPE FOR MY RECORDS.

THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER. EXHIBITS HAVE ONLY BEEN SUPPLY TO THE COURT.

RESPECTFULLY SUBMITTED
Daniel Villa #1386118
EASTHAM UNIT 12-5
2665 PRISON Rd. #1
LOVELADY, TEXAS 75851

CAUSE NO. 2006-412699

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| V. | § | 137th JUDICIAL DISTRICT |
| DANIEL VILLA | § | LUBBOCK, TEXAS |

## APPLICATION FOR WRIT OF HABEAS CORPUS BASE ON NEWLY DISCOVER EVIDENCE ON SENTENCE U.S. CONST. ART. I SEC. 101, §§ 10, 16, OF THE TEXAS CONSTITUTION; AND ARTICLES 1.05, 11.05, 11.08, 11.23, 21.01, 21.02, 21.03, 21.04, 21.11, TEX. CODE CRIM. PRO.

### I.
### RESTRAINT

APPLICANT DANIEL VILLA, WHO IS THE DEFENDANT NAMED IN THIS CASE, WAS ALSO THE DEFENDANT NAMED IN CAUSE NO. 92-490328 IN COUNTY COURT AT LAW NUMBER OF LUBBOCK COUNTY, TEXAS AND CAUSE NO. 92-490392 IN COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY TEXAS. APPLICANT IS CURRENTLY BEING HELD IN CONFINEMENT BY WILLIAM STEPHENS, ACTING IN HIS OFFICIAL CAPACITY AS DIRECTOR OF "TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION," AT THE EASTHAM UNIT.

### II
### FACTS

ON AUGUST 27, 2005, APPLICANT WAS ARRESTED AND CHARGE WITH THE OFFENSE OF DRIVING WHILE INTOXICATED, A FELONY. APPLICANT WAS INDICTED IN THIS COURT IN CAUSE NUMBER 2006-412699, FOR THIS OFFENSE. THE INDICTMENT READS IN RELEVANT PART,

AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORE SAID OFFENSE, ——

P.1

HEREINBEFER CALLED PRIMARY OFFENSE, BY THE SAID DEFENDANT ON THE 13th DAY OF NOVEMBER, A.D. 1992 IN COUNTY COURT AT LAW NUMBER 2, LUBBOCK COUNTY, TEXAS IN CAUSE NO. 92-490328, THE SAID DEFENDANT WAS CONVICTED OF THE OFFENSE OF DRIVING WHILE INTOXICATED, AND IT IS FURTHER PRESENTED IN AND SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE HEREIN CALLED PRIMARY OFFENSE, BY THE SAID DEFENDANT, ON THE 13th DAY OF NOVEMBER, A.D. 1992 IN COUNTY COURT AT LAW NUMBER 2, LUBBOCK COUNTY, TEXAS IN CAUSE NO. 92-490392, THE SAID DEFENDANT WAS CONVICTED OF THE OFFENSE OF DRIVING WHILE INTOXICATED, ON ITS FACE THE INDICTMENT ALLEGES TWO REMOTE CONVICTION IN CAUSE NO. 92-490328 AND 92-490392 FOR PURPOSE OF CREATING A FELONY CHARGE IN THIS CASE. THERE WAS NEVER A INTERVENING CONVICTION ENTER IN COURT.

THE ULTIMATE ISSUE CONCERNS THE REMOTENESS OF VILLA'S 1992 DWI CONVICTIONS. IN DETERMINING WHETHER THE CONVICTIONS ARE TWO REMOTE, THE COURT MUST ADDRESS THE INTERPRETATION OF THE "10-YEAR RULE" CONTAINED IN § 49.09(E) OF THE TEXAS PENAL CODE, AS AMENDED ON SEPTEMBER 1, 2001, TEX. PENAL CODE § 49.09(E), SINCE VILLA'S CURRENT DWI OFFENSE WAS ALLEGED TO HAVE BEEN COMMITTED ON AUGUST 27, 2005, THERE IS NO QUESTION THAT THE SEPTEMBER 1, 2001, AMENDMENTS APPLY TO DETERMINE WHICH PRIOR CONVICTIONS MAY BE USED TO ELEVATE THE PRIMARY OFFENSE TO A FELONY, SEE TEX. PENAL CODE § 49.09 HISTORICAL NOTE (ACT OF JUNE 13, 2001, 77th LEG., R.S., CH. 648, § 2, 2001 TEX. GEN. LAWS 1213).

However at the time Villa entered his plea to the earlier offense and prior to the statutory amendment on September 1, 2001, subsection (e) of section 49.09 of the Texas Penal Code provided;

A conviction may not be used for purposes of enhancement under this section if:

(1). The conviction was a final conviction under subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed, and

(2). The person has not been convicted of an offense under section 49.04, 49.05, 49.06, 49.07, or 49.08, or any offense relating to operating a motor vehicle while intoxicated, committed within 10 years before the date on which the offense for which the person is being tried was committed. (Emphasis supplied)

Act of May 30, 1999, 76th Leg., R.S., ch.1364, §12, 1999 Tex. Gen. Laws 4606, 4610 (Amended 2001)(Current version at Tex. Penal Code §49.09(E)),

After its amendment on September 1, 2001, subsection (E) of section 49.09 now provides;

Except as provided by subsection (f), a conviction may not be used for purposes of enhancement under this section if:

(1). The conviction was a final conviction under subsection(d);

(2). The offense for which the person is being tried was committed more than 10 years after the latest of:,

(A). The date on which the judgment was entered for the previous conviction,

(B). The date on which the person was discharged from

ANY PERIOD OF COMMUNITY SUPERVISION ON WHICH THE PERSON WAS PLACED FOR THE PREVIOUS CONVICTION.

(C) THE DATE ON WHICH THE PERSON SUCCESSFULLY COMPLETED ANY PERIOD OF PAROLE ON WHICH THE PERSON WAS RELEASE AFTER SERVING A PORTION OF THE TERM TO WHICH THE PERSON WAS SENTENCED FOR THE PREVIOUS CONVICTION; OR

(D). THE DATE ON WHICH THE PERSON COMPLETED SERVING ANY TERM FOR WHICH THE PERSON WAS CONFINED OR IMPRISONED FOR THE PREVIOUS CONVICTION; AND

(3). THE PERSON HAS NOT BEEN CONVICTED OF AN OFFENSE UNDER SECTION 49.04, 49.05, 49.06, 49.065, 49.07, OR 49.08 OR ANY OFFENSE RELATED TO OPERATING A MOTOR VEHICLE WHILE INTOXICATED WITHIN 10 YEARS OF THE LATEST DATE UNDER SUBDIVISION (2).

(EMPHASIS SUPPLIED).

TEX. PENAL CODE § 49.09 (E). THUS, THE TWO VERSIONS OF THE STATUTE DEFINE "REMOTENESS" AS IT APPLIES TO THE CLASSIFICATION OF A DWI OFFENSE FOR PURPOSE OF CHARGING THE OFFENSE AS EITHER A FELONY OR A MISDEMEANOR.

VILLA'S CONVICTION FOR THE EARLIER OFFENSE WAS FINAL MORE THAN 10 YEARS PRIOR TO THE COMMISSION OF THE OFFENSE IN THE INSTANT CASE BEFORE THIS COURT. THEREFORE, THE PRIOR CONVICTIONS WERE TOO REMOTE FOR USE UNDER THE STATUTE IN EFFECT AT THE TIME OF HIS PLEA AND SENTENCING IN THE EARLIER CASES, WHEREAS THE CONVICTIONS ARE TOO REMOTE FOR USE UNDER THE STATUTE IN EFFECT AT THE TIME OF THE ALLEGED COMMISSION OF THE CURRENT OFFENSE SINCE VILLA WAS RELEASED FROM A 90 DAY SENTENCE ON BOTH CHARGES NO LATER THAN FEBUARY 13, 1993 ON HIS PRIOR CONVICTION MORE THAN 10 YEARS FROM THE DATE OF THE ALLEGED COMMISSION OF THE CURRENT OFFENSE.

## III.

### GROUNDS FOR RELIEF

(A) BY INDICTING VILLA FOR FELONY DWI USING THE AMENDED STATUTE (TEX. PENAL CODE §49.09(E) THE STATE HAS ENGAGED IN AN EX POST FACTO APPLICATION OF THE NEW STATUTE IN SUCH A WAY AS TO CHARGE HIM AS A FELON RATHER THAN A MISDEMEANANT.

(B) BY INDICTING VILLA FOR FELONY DWI USING THE AMENDED STATUTE (TEX. PENAL CODE §49.09(E) THE STATE HAS ENGAGED IN A RETROACTIVE APPLICATION OF THE NEW STATUTE IN SUCH A WAY AS TO CHARGE HIM AS A FELON RATHER THAN MISDEMEANANT.

## IV

### ARGUMENT AND AUTHORITIES

### EX POST FACTO

A LAW WHICH CHANGES THE PUNISHMENT FOR A CRIME AFTER THE CRIME HAS BEEN COMMITTED IS AN EX POST FACTO LAW AS PROHIBITED BY TEX. CONST. ART. I, SEC. 16, AND U.S. CONST., ART. I, SEC. 10, IF IT INFLICTS A GREATER PUNISHMENT THAN DID THE PREVIOUS LAW. EX PARTE TATE, 471 S.W. 2d 404, 406, (TEX. CRIM. APP. 1971). THE TYPES OF LEGISLATION THAT IMPLICATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS ARE (1). EVERY LAW THAT MAKES AN ACTION DONE BEFORE PASSING OF THE LAW, AND WHICH WAS INNOCENT WHEN DONE; (2). EVERY LAW THAT AGGRAVATES A CRIME AND MAKES IT GREATER THAN IT WAS WHEN COMMITTED; (3). EVERY LAW THAT CHANGES THE PUNISHMENT, AND INFLICTS A GREATER PUNISHMENT THAN THE LAW ANNEXED TO THE CRIME WHEN COMMITTED; (4). EVERY LAW THAT ALTERS THE LEGAL RULES OF EVIDENCE AND RECEIVES LESS OR DIFFERENT TESTIMONY THAN THE LAW RE-

QUIRED AT THE TIME OF THE COMMISSION OF THE OFFENSE, IN ORDER TO CONVICT THE DEFENDER. COLLINS V. YOUNGBLOOD, 497 U.S. 37, 42, 110 S.CT. 2715, 111 L.ED. 2d. 30 (1990); GRIMES V. STATE, 807 S.W. 2d. 582, 586 (TEX. CRIM. APP. 1991); WESTON V. STATE, 870 S.W. 2d. 197, 198 (TEX. APP. FORT WORTH 1994, NO PET.).

AS STATED IN SCOTT V. STATE 55 S.W. 3d. 593, 597-598 (TEX. CRIM. APP 2001).

THE DISTINGUISHING FACTOR IN THIS CASE IS THE EXISTENCE IN THE PRIOR STATUE OF AN EXPLICIT LIMITATION ON THE COLLATERAL CONSEQUENCES OF DEFERRED ADJUDICATION. THE RESOLUTION OF CRIMINAL CHARGES WILL ALWAYS CARRY THE POSSIBILITY OF COLLATERAL CONSEQUENCES, AND AS LONG AS THOSE CONSEQUENCES ARE NOT STATUTORILY RESTRICTED, DISABILITIES AND DISQUALIFICATIONS WHICH THE DEFENDANT MIGHT NOT HAVE ANTICIPATED MAY PROCEED FROM THE PRIOR CAUSE, BUT WHEN A STATUTE EXPLICITLY RESTRICTS THE COLLATERAL CONSEQUENCES OF AN OFFENSE, THE DEFENDANT IS ENTITLED TO RELY ON THAT RESTRICTION. PUNISHMENT FOR THE OFFENSE IS INCREASED BY THE REMOVAL OF THE STATUTORY RESTRICTION, AND SUCH AN INCREASE IN PUNISHMENT CONSTITUTES AN EX POST FACTO LAW. (EMPHASIS SUPPLIED)

THE STATUTE IN EFFECT AT THE TIME VILLA ENTERED HIS PLEA IN THE EARLIER DWI CASES SPECIFICALLY RESTRICTED THE USE OF THOSE CONVICTIONS AS REMOTE IF ANOTHER OFFENSE WAS COMMITTED MORE THAN 10 YEARS FROM THE DATE THE CONVICTIONS WERE FINAL. THE CONVICTIONS WERE FINAL ON NOVEMBER 13, 1992, WHICH WAS THE DATE OF HIS JUDGEMENT AND SENTENCE. THE AMENDED STATUTE EXTENDED THE REMOTENESS RULE TO THE TIME WHEN VILLA HAD COMPLETED HIS 90 DAY JAIL TO RUN CONCURRENT.

THIS EXTENSION OF THE REMOTENESS DATE OCCURRED AFTER VILLA HAD PLEA GUILTY AND WAS SENTENCED IN THE PREVIOUS CASES. VILLA HAD A RIGHT TO RELY UPON THE IMPLICIT AND EXPLICIT LIMITATION OF THE EARLIER VERSION OF THE STATUE. APPLYING THE NEW STATUTE TO HIM AND EXTENDING THE REMOTENESS DATE CONSTITUTES AN EX POST FACTO APPLICATION OF THE STATUTE AS TO VILLA, AND JUDGE SHOULD HAVE GRANTED EX POSTO FACTO & 10 YEAR RULE.

## II

APPLICANT ARGUES IN GROUND 2 THAT TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAIL TO ARGUE THAT THERE WAS NO INTERVENING CONVICTION SUBMITTED TO THE TRIAL COURT DURING CASE IN CHIEF THATS NEWLY DISCOVER.

UNDER THE SUPREME COURTS DECISION IN STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984) WHICH HAS BEEN ADOPTED BY THE COURT OF CRIMINAL APPEALS OF TEXAS IN HERNANDEZ V. STATE, 726 S.W. 2d. 53 (TEX. CRIM. APP. 1986), A HABEAS APPLICATION NEED TO SHOW THAT THE COMPLAINED OF ACT AND OMISSIONS ON THE PART OF HIS DEFENSE COUNSEL WAS OBJECTIVELY UNREASONABLE UNDER PREVAILING PROFESSIONAL NORMS AND THAT HE WAS SUFFICIENTLY PREJUDICE BY HIS COUNSEL'S MISTAKES.

APPLICANT INFORMS THE COURT THAT IT IS IN WEAVER V. STATE, 56 S.W. 3d. 896, 899 (TEX. APP. TEXARKANA 2001) AND WEAVER V. STATE, 87 S.W. 3d. 557, COURT OF CRIMINAL APPEALS OF TEXAS, EN BANC, SEPTEMBER 11, 2002 THAT I LEARN THAT WHEN THIS ISSUE IS BROUGHT UP BEFORE THE COURT, THE STATE MUST BE READY TO CLEARLY AND DISTINCTLY ARGUE THE LAW. BECAUSE, NOT ONLY DOES THE STATUTE REQUIRE THAT THE CONVICTIONS FOR PRIOR MISDEMEANORS BE OVER

"TEN YEARS OLD BUT THAT THOSE MISDEMEANORS BE PROVEN AS AN "OFFER OF PROOF" THIS PROOF CAN BE MADE BY HAVING AN EXPERT COMPARE FINGERPRINTS WHICH IS HOW THE STATE PROVED THE PRIOR MISDEMEANORS IN THE GUILT/INNOCENCE PHASE OF VILLA'S TRIAL. BUT THE DISTRICT ATTORNEY MUST ALSO PROVE THE EXISTENCE OF AN "INTERVENING CONVICTION"... WHICH DID NOT HAPPEN DURING GUILT/INNOCENCE AND THEREFORE THE INTERVENING CONVICTION WAS NOT SUBMITTED TO THE JURY OR TO THE JUDGE DURING GUILT/INNOCENCE. A CRITIAL STEP SINCE VILLA PLEA NOT TRUE TO ALL ENHANCEMENTS AND PRIORS.

FOR WEAVER, IBID, "REQUIREMENT, IN PROSECUTION FOR FELONY DRIVING WHILE INTOXICATED (DWI) THAT WHERE PRIOR CONVICTIONS FOR INTOXICATED RELATED OFFENSE WAS NOT ELEMENT OF FELONY DWI, AND THUS STATE WAS NOT REQUIRED TO ALLEGE INTERVENING OFFENSE IN INDICTMENT OR SUBMIT IT TO THE JURY; STATE IS MERELY REQUIRED TO SUBMIT AT SOME POINT IN ITS CASE IN CHIEF, PROOF OF INTERVENING CONVICTION TO TRIAL COURT," VTCA P.C. §§ 49.09, 49.09 (B).

THEREFORE THE JUDGE WAS NEVER OR JURY NEVER INSTRUCTED TO CONSIDER IF THE 2001 DWI WAS AN INTERVENING CON-VICTION AND AS SUCH THERE IS NO FACT ON IT, SO THE FACT THAT VILLA'S TRIAL COUNSEL ADVANCED HIS CAUSE BY ARGUING THE 1992 DWI'S WERE TO BE EXCLUDED AS UN-ENHANCEABLE IS CONTROLLING, BECAUSE ONLY THE FIRST TWO PRONGS OF THE § 49.09 STATUTE HAVE BEEN MET. THERE IN SUM VILLA ASKS THE HONORABLE COURT TO REFORM THE JUDGMENT AND REVERSE THE CASE TO A MISDEMEANOR COURT.

AND, AGAIN VILLA POINTS OUT THAT THE FAILURE TO PROPERLY RENDER THE JUDGMENT IN LIGHT OF THE DECISIONS BY THE HONORABLE COURT OF CRIMINAL APPEALS WILL RESULT IN VIOLATIONS OF DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE U.S. CONSTITUTION.

APPLICANT CONTENDS THAT COUNSEL DENY HIM EFFECTIVE ASSISTANCE DURING THE GUILT/INNOCENCE STAGE OF THE TRIAL FOR NOT OBJECTING THAT THE STATE DID NOT INTRODUCE A "INTERVENING CONVICTION" ALONG WITH HIS EX POST FACTO CLAIM, WHICH WAS A REQUIREMENT TO STOP 10 YEAR RULE.

APPLICANT BRINGS THIS ISSUE AGAIN DUE TO NEWLY DISCOVER EVIDENCE WHEN APPLICANT RECEIVE HIS RESPONSE TO HIS 2254 FROM THE ASSISTANT ATTORNEY GENERAL THE ASSISTANT ATTORNEY GENERAL COMMITTED PERJURY OR FRAUD AS YOU WILL SEE ONLY TO STOP THE EX POST FACTO CLAIM. FIRST APPLICANT WOULD ASK THE COURT TO SEE EXHIBIT A INDICTMENT, LOOK RIGHT UNDER FELONY ENHANCEMENT WHERE IT SAYS AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE BY THE SAID DANIEL VILLA, ON THE 27th DAY OF APRIL, A.D. 2001 IN THE 120th DISTRICT COURT, OF EL PASO COUNTY, TEXAS IN CAUSE NUMBER 20010D00672 THE SAID DANIEL VILLA, WAS CONVICTED OF A FELONY TO-WIT DRIVING WHILE INTOXICATED, AND SAID CONVICTION BECAME FINAL PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE. SO APPLICANT KNEW IT WAS BEING USE TO GIVE HIM 25 TO LIFE YEARS IN PRISON.

WHAT APPLICANT DID NOT KNOW AND IT IS NO WHERE IN THE REPORTER'S RECORD THAT IT HAD BEEN USE DURING THE GUILTY/INNOCENCE STAGE OF THE TRIAL UNTIL HE GOT THE ASSISTANT

ATTORNEY GENERAL'S RESPONSE ON HIS 2254, THAT THE APRIL 27, 2001 IN THE 120th DISTRICT COURT OF EL PASO COUNTY, TEXAS IN CAUSE NUMBER 20010D00672 WAS ALSO BEING USE TO ELEVATE HIS CASE TO A THIRD DEGREE FELONY. BY THE STATE WITHHOLDING THIS EVIDENCE HAS ALSO VIOLATED TEXAS PENAL CODE 49.09 (E) THAT WAS STILL INEFFECT IN AUGUST 27, 2005, AND IT IS STILL INEFFECT UNDER PENAL CODE 49.09 (G). EXHIBITS A AND B WILL CLEARLY SHOW THE STATE HAS VIOLATED PENAL CODE 49.09 (E) THAT WAS INEFFECT ON AUGUST 27, 2005 THE DAY OF APPLICANT'S CRIME. PLEASE SEE RODRIGUEZ V. STATE, 31 S.W.3d 359 (TEXAS APP. SAN ANTONIO 2000), PHILLIPS V. STATE, 992 S.W.2d 492 (TEXAS CRIM. APP. 1999). IT IS ALSO HERE APPLICANT HAS STUDYED PENAL CODE 49.09 (E) WHERE ITS STATES A CONVICTION MAY BE USE FOR PURPOSE OF ENHANCEMENT UNDER THIS SECTION OR ENHANCEMENT UNDER SUBCHAPTER (D) CHAPTER 12, BUT NOT UNDER BOTH THIS SECTION AND SUBCHAPTER D. THIS WAS REPEAL ON SEPTEMBER 1, 2005 BUT WAS MOVE NOW TO PENAL CODE 49.09 (G) WHICH IS STILL IN EFFECT.

BY THE ASSISTANT ATTORNEY GENERAL AND DISTRICT ATTORNEYS COMMITTING FRAUD OR PERJURY ON THE EX POST FACTO CLAIM BY VIOLATING ALL THESE STATUES STILL RESULTS IN A VIOLATION OF THE EX POST FACTO CLAIM BY COMMITTING FRAUD OR PERJURY AND STILL EXTENDS THE TIME ON HOW THE 10 YEARS ARE MEASURE STILL RESULT IN VIOLATION OF APPLICANT'S DUE PROCESS, EQUAL PROTECTION, EX POSTOFACTO LAW AND PENAL CODE 49.09 (F).

APPLICANT WOULD ASK THIS COURT TO SEE MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION UNDER KYLES V. WHITLEY,

P.10

PAGES 82, 83, 84, OF CLERKS RECORD, WHEN APPLICANT RE-CEIVED RESPONSE ON HIS 9.261 THERE WAS A BRADY V. MARYLAND, 373 U.S. 83 (1963), AND KYLES V. WHITLEY, 131 L.ED. 490 (1995) VIOLATION BECAUSE THE MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION UNDER KYLES V. WHITLEY, THERE WAS AN ORDER GRANTED DIRECTING THE STATE TO FORTHWITH MAKE INQUIRY AND DISCLOSE ALL THE FOLLOWING WITHIN THE POSSESSION, CUSTODY OR CONTROL OF THE STATE, OR THE EXISTENCE OF WHICH IS KNOWN OR, WITH THE EXERCISE OF DUE DILIGENCE, COULD BECOME KNOWN TO THE STATE. ON PAGE 83 THUR 84 ITS CLEAR THE DEFENDANT SUBMITS THAT ANY SUCH IN-FORMATION WOULD BE DISCOVERABLE AND MATERIAL TO THE DEFENSE IN THIS CASE AT BOTH THE GUILT/INNOCENCE STAGE AND IF A FINDING OF GUILT IS RETURED, THE PUNISH-MENT STAGE. THE DEFENDANT SUBMITS THAT SUCH INFOR-MATION IS COMPELLED UNDER KYLES V. WHITLEY. SEE EXHIBIT C. SO APPLICANT WOULD LIKE TO SEE WHERE THE FELONY DWI FROM 2001 WAS INTRODUCE DURING THE GUILT/ INNOCENCE OF THE TRIAL SINCE THE ATTORNEY GENERAL HAS REFER TO THAT TO STOP THE EX POST FACTO CLAIM AND DENY HIS RULE.

WHEN THE FELONY DWI FROM 2001 WAS ALSO BEING USE TO ELEVATE HIS CASE TO A THIRD DEGREE FELONY THIS IS WERE THE BRADY V. MARYLAND, 373 U.S. 83 (1963) AND KYLES V. WHITLEY, 131 L.ED. 490 (1995) VIOLATION TOOK PLACE BE-CAUSE IT WAS NEVER TOLD TO DEFENDANT THAT IT WAS ALSO BEING USE TO ELEVATE HIS CASE TO A THIRD DEGREE FELONY AND USED TO GIVE HIM THIS LIFE SENTENCE, BY THE STATE WITHHOLDING THIS EVIDENCE HAS VIOLATED TEXAS PENAL CODE 49.09 (F) THAT WAS STILL INEFFECT IN AUGUST 22, 2005,

P.11

APPLICANT ARGUES THAT ABSENT SUCH DISCOVERY THE DEFENDANT'S RIGHTS UNDER ARTICLE 39.14, C.C.P. ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF TEXAS, AND THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA HAS BEEN VIOLATED, TO HIS IRREPARABLE INJURY AND THUS DEPRIVE THE DEFENDANT OF A FAIR TRIAL HEREIN,

SEVERAL CASES HAVE GONE INTO SOME DETAIL REGARDING THE LEGISLATIVE HISTORY OF § 49.09 AND ITS VARIOUS INCARNATION INCLUDING THE ADDITION OF SUBPART (3), ONE OF WHICH IS GETTS V STATE, I DID, IT IS DURING THIS DISCUSSION I LEARN THE IMPORTANCE OF THIS SUBPART... THE CORRECT STATEMENT OF THE ISSUE IS THAT THE 1984 CONVICTION WAS TO REMOTE BECAUSE THE CONVICTION OCCURRED TEN YEARS PRIOR TO THE 2002 DWI OFFENSE... AND THERE WAS NO INTERVENING INTOXICATED RELATED CONVICTION..." SEE GETTS V. STATE, 155 S.W. 3d. 593.

APPLICANT WOULD ALSO ASK THE COURT TO SEE EXHIBIT RULE 404 (B) REQUEST FOR NOTICE OF INTENT TO OFFER EXTRANEOUS CONDUCT, SEE I, PAGE 20.

RULE 404 (B) PROVIDES IN PART, AS FOLLOWS:
"(B) OTHER CRIMES, WRONGS OR ACTS ... PROVIDED, UPON TIMELY REQUEST BY THE ACCUSED, REASONABLE NOTICE IS GIVEN IN ADVANCE OF TRIAL OF INTENT TO INTRODUCE IN THE STATE'S CASE IN CHIEF SUCH EVIDENCE OTHER THAN THAT ARISING IN THE SAME TRANSACTION. (EMPHASIS SUPPLIED).

ANOTHER MOTION APPLICANT WOULD ASK THE COURT TO SEE IS MOTION FOR DISCOVERY, PLAINTIFF UNDER COUNSEL ASKED THE DISTRICT ATTORNEY FOR THE ITEMS AND INFORMATION

THAT ARE MATERIAL TO THIS CAUSE AND THE ISSUES OF GUILT OR INNOCENCE AND PUNISHMENT TO BE DETERMINED IN THIS CAUSE APPLICANT DID NOT SAFELY GO TO TRIAL.

THEREFORE THE DISTRICT ATTORNEY HAD THREE CHANCES TO DISCLOSE THAT THEY INTENDED TO USE THE 2001 DWI CONVICTION TO ELEVATE TO THIRD DEGREE FELONY AND FAILED TO DISCLOSE IT. APPLICANT COMPELLS THE DISTRICT ATTORNEYS TO SHOW HIM REPORTERS RECORD THAT IT WAS INTRODUCE.

ADDITIONALLY, IN ORDER TO RENDER REASONABLY EFFECTIVE ASSISTANCE A TEXAS DEFENSE ATTORNEY MUST HAVE A FIRM COMMAND OF THE LAW AND FACTS AS APPLIED TO THE PARTICULAR CASE IN WHICH HE OR SHE IS INVOLVED, EX PARTE LILLY, 656 S.W. 2d 990 (TEX. CRIM. APP. 1983), COUNSEL IS PRESUMED TO HAVE KNOWLEDGE OF LEGAL PRINCIPLES THAT ARE NITHER NOVEL OR UNSETTLED, EX PARTE WELCH, 981 S.W. 2d 183, 185 (TEX. CRIM. APP. 1998), A REASONABLY EFFECTIVE COUNSEL HAD A DUTY TO PRESENT ALL AVAILABLE TESTIMONY AND OTHER EVIDENCE IN SUPPORT OF HIS CLIENTS DEFENSE, EX PARTE YBARRA, 629 S.W. 2d 943, 946 (TEX. CRIM. APP. 1982), AND TO CONTEST ALL EVIDENCE WHICH IS ADVERSE TO HIS CLIENT, THOMAS V. STATE, 550 S.W. 2d 68 (TEX. CRIM. APP. 1977), EVEN A SINGLE ERROR CAN CAUSE AN ATTORNEYS REPRESENTATION TO FALL BELOW THE SIXTH AMENDMENT CONSTITUTIONAL STANDARD, THOMPSON V. STATE, 9 S.W. 3d 808, 813, (TEX. CRIM. APP. 1990),

## III

APPLICANT CLAIMS THE ACTUAL INNOCENCE VIOLATION. APPLICANT ASKS THE COURT TO APPLY THE DRETKE V. HALEY, 124 S. CT. 1847 APPLICATION.

APPLICANT ARGUES UNDER DRETKE V. HALEY, 124 S. CT. 1847
APPLICATION WHEN A STATE PRISONER'S FEDERAL CONSTITU-
TIONAL CLAIM HAS BEEN PROCEDURALLY DEFAULTED IN STATE
COURT, A FEDERAL COURT GENERALLY WILL NOT ENTERTAIN
THE CLAIM IN A SUBSEQUENT HABEAS CORPUS PETITION BY THE
PRISONER UNDER 28 U.S.C.S. §2254 UNLESS THE PRISONER CAN
DEMONSTRATE CAUSE AND PREJUDICE TO EXCUSE THE DEFAULT.
HOWEVER, THE UNITED STATES SUPREME COURT HAS RECOGNIZED
AN EXCEPTION TO THIS CAUSE-AND-PREJUDICE REQUIREMENT,
IN CERTAIN SITUATIONS INVOLVING "ACTUAL INNOCENCE" OF
(1) THE UNDERLYING OFFENSE, OR (2) THE AGGRAVATING FACTORS
USED IN CAPITAL SENTENCING.

APPLICANT STATE PRISONER PETITIONS FOR STATE OR
FEDERAL HABEAS RELIEF, ALLEGING THAT EVIDENCE WAS
AND IS INSUFFICIENT TO SUPPORT HIS HABITUAL OFFENDER
CONVICTION, AND THAT HIS COUNSEL WAS INEFFECTIVE.

UNDER DRETKE V. HALEY, 124 S. CT. 1847, THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, T. JOHN
WARD, J., EXCUSED PROCEDURAL DEFAULT AND GRANTED PETITION.
STATE APPEAL, THEN UNITED STATES COURT OF APPEALS FOR
THE FIFTH CIRCUIT 306 F.3d 257 AFFIRM. CERTIORARI WAS
GRANTED.

APPLICANT AN ACCUSED WAS FOUND GUILTY ON A TEXAS CHARGE
OF FELONY DWI, WHILE THIS OFFENSE OTHERWISE WOULD HAVE
BEEN PUNISHABLE AS A MISDEMEANOR OR 2-20 YEARS IN PRISON,
THE ACCUSED ALSO WAS CONVICTED IN A SEPARATE PENALTY
HEARING ON A HABITUAL-FELONY-OFFENDER CHARGE, AS A RESULT,
THE ACCUSED RECEIVED AN ENHANCED PRISON SENTENCE TO
LIFE IN PRISON. THIS HABITUAL-FELONY-OFFENDER ENHANCE-
MENT OCCURRED EVEN THOUGH THE ASSISTANT ATTORNEY

P.14

GENERAL OR THE DISTRICT ATTORNEY'S HAS COMMITTED FRAUD OR MISTAKE OR PERJURY WHEN THE ASSISTANT ATTORNEY GENERAL MADE THIS STATEMENT IN RESPONSE TO 2254 ON EXHIBIT G PAGES 15,16,17, BUT MORE SO PAGE 17, IT SAYS, (1) THE ASSISTANT ATTORNEY GENERAL RESPONSE TO 2254 TO (CLAIM 1A) AND, HIS CURRENT OFFENSE, COMMITTED AUGUST 27, 2005, WAS COMMITTED MORE THAN TEN YEARS FROM ENTRY OF THE NOVEMBER 13, 1992 JUDGEMENTS, AS DESCRIBED IN 49.09 (E)(3)(A), BUT, VILLA'S PRIOR CONVICTIONS DID NOT MEET THE REQUIREMENT OF 49.09 (E)(3) BECAUSE HE WAS CONVICTED OF ANOTHER DWI OFFENSE ON APRIL 27, 2001 WITHIN TEN YEARS (10) OF THE 1992 CONVICTIONS B.R.R. STATE EXHIBIT 7. THE REASON THE ASSISTANT ATTORNEY GENERAL MADE THIS STATEMENT IS BECAUSE THATS THE ONLY WAY TO STOP THE EX POST FACTO CLAIM AND TEN (10) YEAR RULE, BECAUSE IT WAS NEVER BROUGHT UP DURING CASE IN CHIEF AS IT WAS A REQUIREMENT,

(2), BUT WHEN SHE MADE THAT STATEMENT THERE IS NO RE-PORTERS RECORD TO SHOW IT WAS INTRODUCE DURING CASE IN CHIEF, WHICH WAS ALSO A REQUIREMENT UNDER WEAVER V. STATE, 56 S.W.3d 896, 899 (TEX. APP TEXARKANA 2001) AND WEAVER V. STATE, 87 S.W.3d 557 (COURT OF CRIMINAL APPEALS OF TEXAS EN BANC SEPT 11, 2002), THAT'S WHY THIS IS FRAUD OR MISTAKE OR PERJURY JUST TO STOP THE EX POST FACTO CLAIM AND STOP THE 10 YEAR RULE, SO JUDGE WOULD NOT GRANT THE EX POST FACTO OR 10 YEAR RULE.

(3), APPLICANT WOULD ASK THE COURT TO SEE INDICTMENT EXHIBIT A, LOOK RIGHT UNDER FELONY ENHANCEMENT WHERE IT SAYS AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE BY THE SAID DANIEL VILLA ON THE 27th DAY OF APRIL, A.D. 2001

IN THE 120th DISTRICT COURT OF EL PASO COUNTY, TEXAS IN CAUSE NUMBER 20010D00672 THE SAID DANIEL VILLA, WAS CONVICTED OF A FELONY TO-WIT DRIVING WHILE INTOXICATED, AND SAID CONVICTION BECAME FINAL PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE, SO APPLICANT KNEW IT WAS BEING USE TO GIVE HIM 25 TO LIFE YEARS IN PRISON.

WHAT APPLICANT DID NOT KNOW AND IT IS NO WHERE IN THE REPORTERS RECORD THAT IT HAD BEEN USE DURING THE GUILT/INNOCENCE STAGE OF THE TRIAL UNTIL HE GOT THE ASSISTANT ATTORNEY GENERAL'S RESPONSE ON HIS 2254 THAT THE 2001 DWI WAS BEING USE TO ELEVATE HIS CASE TO A THIRD DEGREE AND ALSO AS A HABITUAL OFFENDER, BY THE STATE WITHHOLDING THIS EVIDENCE HAS ALSO VIOLATED TEXAS PENAL CODE 49.09 (F), THAT WAS STILL INEFFECT IN AUGUST 27, 2005 WHEN APPLICANT GOT HIS CASE. PLEASE SEE RODRIQUEZ V. STATE, 31 S.W. 3d, 359 (TEX. APP. SAN ANTONIO 2000), AND PHILLIPS V. STATE, 992 S.W. 2d, 492 (TEX. CRIM. APP. 1999). IT IS ALSO HERE APPLICANT HAS STUDYED PENAL CODE 49.09 (F) WHERE IT STATES A CONVICTION MAY BE USE FOR PURPOSE OF ENHANCEMENT UNDER THIS SECTION OR EN-HANCEMENT UNDER SUBCHAPTER (D) CHAPTER 12, BUT NOT UNDER BOTH THIS SECTION AND SUBCHAPTER D. THIS WAS REPEAL ON SEPTEMBER 1, 2005 BUT WAS MADE NOW TO PENAL CODE 49.09 (G), WHICH IS STILL INEFFECT.

(4). APPLICANT WOULD ALSO ASK THE COURT TO SEE CLERKS RECORDS MOTION FOR DISCLOSURE OR IMPEACHING INFOR-MATION UNDER KYLES V. WHITLEY, PAGES 82, 83, AND 84 AND BRADY V. MARYLAND, 373 U.S. 83 (1963) AND KYLES V. WHITLEY, 131 L.ED. 490 (1995) AND TO SEE IN CLERK RECORDS RULE 404 (B) REQUEST FOR NOTICE OF INTENT TO OFFER EXTRANEOUS CONDUCT

SEE I, PAGE 20 AND TO SEE MOTION FOR DISCOVERY WHERE COUNSEL ASK THE DISTRICT ATTORNEY FOR THE ITEMS AND INFORMATION THAT ARE MATERIAL TO THE CAUSE AND THE ISSUES OF GUILT OR INNOCENCE AND PUNISHMENT TO BE DETERMINED IN THIS CAUSE, APPLICANT DID NOT SAFELY GO TO TRIAL.

THEREFORE THE DISTRICT ATTORNEY'S HAD THREE CHANCES TO DISCLOSE THAT THEY INTENDED TO USE THE 2001 DWI CONVICTION TO ELEVATE TO THIRD DEGREE FELONY AND FAILED TO DISCLOSE IT. APPLICANT COMPELLS THE DISTRICT ATTORNEYS OR ASSI-STANT ATTORNEY GENERAL TO SHOW HIM REPORTER'S RECORD THAT IT WAS INTRODUCE DURING CASS IN CHIEF OR HONOR THE EX POST FACTO, 10 YEAR RULE, AND PENAL CODE 49.09(F) THAT WAS IN EFFECT AUGUST 27, 2005 THE DAY OF APPLICANTS CRIME.

BY IT NOT BEING DISCLOSED HAS PREJUDICE APPLICANT BE-CAUSE HIS CASE WOULD HAVE BEEN A MISDEMEANER AS OPPOSE TO A FELONY, ALSO HAS BEEN PREJUDICE BY HIS SENTENCE TO BE SENTENCE TO A MISDEMEANOR INSTEAD OF A LIFE SENTENCE.

(5) BY THE ASSISTANT ATTORNEY GENERAL AND DISTRICT ATTORNEYS COMMITTING FRAUD OR MISTAKE OR PERJURY STILL RESULTS IN IN VIOLATION OF THE EX POST FACTO, STILL EXTENDS THE TIME ON HOW THE 10 YEARS RULE IS MEASURED AND STILL RESULTS IN VIOLATION OF APPLICANTS DUE PROCESS, EQUAL PROTECTION AND PENAL CODE 49.09(F).

(6), THIS COURT AND THE COURT OF CRIMINAL APPEALS IS ASKED DUE TO THIS NEW DISCOVER EVIDENCE IS ASK THAT ABSENT SUCH DISCOVERY IF THE DEFENDANTS RIGHTS UNDER ARTICLE 39.14 C.C.P, ARTICLE 1 SECTION 10 OF THE

CONSTITUTION OF THE STATE OF TEXAS AND THE FOURTH, FIFTH, SIXTH, AND FOURTEETH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA HAS BEEN VIOLATED TO HIS IRREPARABLE INJURY AND THUS DEPRIVE THE DEFENDANT OF A FAIR TRIAL HEREIN.

(7). THE COURT OF CRIMINAL APPEALS IS ASK TO REVIEW WHETHER THE HONORABLE JUDGE BRADLEY UNDERWOOD OR CECIL PURYEAR ABUSED IT'S DISCRETION IN DENYING THE EX POST FACTO CLAIM, AND DENYING MOTION TO SET ASIDE INDICTMENT. APPLICANT WOULD ALSO ASK THE COURT DID THE ASSISTANT ATTORNEY GENERAL OR THE DISTRICT ATTORNEYS VOILATE FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(1)(2)(3)(4) (5)(6) WHEN THEY DID NOT DISCLOSE THAT THEY WERE USING THE 2001 DWI TO ELEVATE TO THIRD DEGREE FELONY AND ALSO TO GET APPLICANT AS A HABITUAL OFFENDER? PLUS TO STOP THE 10 YEAR RULE AND EX POST FACTO CLAIM, AS THEY KNEW IT WAS A REQUIREMENT IT BE INTRODUCE DURING CASE IN CHIEF, AND DID THIS OUT OF MALICE.

IN DREKE V. HALEY, 124 S.CT. 1847 IT STATES IN AN OPINION BY O'CONNOR, J., JOINED BY REHNQUIST, CH.J., AND SCALIA, THOMAS, GINSBURG, AND BREYER, JJ., IT WAS HELD THAT, (1). WITH RESPECT TO A STATE PRISONER'S ATTEMPS TO EXCUSE A PRIOR STATE-COURT PROCEDURAL DEFAULT OR A FEDERAL CONSTITUTIONAL CLAIM, WHEN A FEDERAL COURT, IN A HABEAS CORPUS CASE IS FACED WITH ALLEGATIONS BY THE PRISONER OF "ACTUAL INNOCENCE" WHETHER OF THE SENTENCE OR OF THE CRIME CHARGE, THE FEDERAL COURT MUST FIRST ADDRESS ALL NONDEFAULTED CLAIMS FOR COMPARABLE RELIEF AND OTHER GROUNDS FOR CAUSE TO EXCUSE THE PROCEDURAL DEFAULT,

(2), ACCORDINGLY IN THE CASE AT HAND OF DRETKE V. HALEY, 124 S. CT. 1847, THE SUPREME COURT DECLINED TO DECIDE WHETHER THE ACTUAL-INNOCENE EXCEPTION WAS APPLICARE TO NON CAPITAL SENTENCING.

(3), INSTEAD THE CASE WOULD BE REMAND FOR CONSIDERATION OF THE ACCUSED'S RELATED INEFFECTIVE ASSISTANCE CLAIM, WHICH A STATE OFFICIAL HAD CONCEDED WAS VIABLE AND "SIGNIFICANT."

STEVENS, J., JOINED BY KENNEDY AND SOUTER, JJ., DISSENTING, EXPRESSED THE VIEW THAT FUNDAMENTAL FAIRNESS OUGHT TO DICTATE THE OUT-COME OF THE CASE AT < * P.G. 661 > HAND FOR (1) THE ACCUSED HAD BEEN DENIED DUE PROCESS BECAUSE, AS ALL PARTIES AGREED, THERE HAD BEEN NO FACTUAL BASIS FOR THE ACCUSED'S CONVICTION AS A HABITUAL OFFENDER, (2) THE ACCUSED HAD ALREADY SERVED A SENTENCE "FAR IN EXCESS" OF THE 2 YEAR MAXIMUM, THAT TEXAS LAW HAD OTHERWISE AUTHORIZED FOR THE ACCUSED'S CRIME, AND (3), THE SUPREME COURTS RULING (A) NEEDLESSLY POSTPONED FINAL ADJUDICATION OF THE ACCUSED'S CLAIM, AND (B) PERVERSELY PROLONGED THE VERY INJUSTICE THAT THE CAUSE-AND-PREJUDICE STANDARD WAS DESIGNED TO PREVENT.

KENNEDY, J., DISSENTING, EXPRESSED THE VIEW THAT (1) WHILE THE CASE AT HAND MIGHT PROVIDE A CONVENIENT MECHANISM TO VINDICATE AN IMPORTANT LEGAL PRINCIPLE, THE ACCUSED HAD A GREATER INTEREST IN KNOWING THAT HE WOULD NOT BE REINCARCERATED FOR A CRIME WHICH HE DID NOT COMMIT, AND (2) IT WAS NOT CLEAR WHY THE STATE HAD NOT EXERCISED ITS POWER AND PERFORMED ITS DUTY TO VINDICATE THAT INTEREST IN THE FIRST PLACE.

OPINION

JUSTICE O'CONNOR DELIVERED THE OPINION OF THE COURT.

[1A] [2A] [3A] OUT OF RESPECT FOR FINALITY, COMITY, AND THE ORDERLY ADMINISTRATION OF JUSTICE, A FEDERAL COURT WILL NOT ENTERTAIN A PROCEDURALLY DEFAULTED CONSTITUTIONAL CLAIM IN A PETITION FOR HABEAS CORPUS ABSENT A SHOWING OF CAUSE AND PREJUDICE TO EXCUSE THE DEFAULT. WE HAVE RECOGNIZED A NARROW EXCEPTION TO THE GENERAL RULE WHEN THE HABEAS APPLICANT CAN DEMONSTRATE THAT THE ALLEGED CONSTITUTIONAL ERROR HAS RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT OF THE UNDERLYING OFFENSE OR, IN THE CAPITAL SENTENCING CONTEXT, OF THE AGGRAVATING CIRCUMSTANCES RENDERING THE INMATE ELIGIBLE FOR THE DEATH PENALTY. MURRY V. CARRIER, 477 U.S. 478, 91 L.ED.2d 397, 106 S.CT. 2639 (1986); SAWYER V. WHITLEY, 505 U.S. 333, 120 L.ED.2d 269, 112 S.CT. 2514 (1992). THE QUESTION BEFORE US IS WHETHER THIS EXCEPTION APPLIES WHERE AN APPLICANT ASSERTS "ACTUAL INNOCENCE" OF A NONCAPITAL SENTENCE, BECAUSE THE DISTRICT COURT FAILED FIRST TO CONSIDER ALTERNATIVE GROUNDS FOR RELIEF URGED.

JUSTICE KENNEDY, DISSENTING

FOR THE REASONS JUSTICE STEVENS SET FORTH, THE RESPONDENT SHOULD BE ENTITLED TO IMMEDIATE RELIEF, AND JOIN HIS DISSENTING OPINION. THE CASE ALSO MERITS THIS FURTHER COMMENT CONCERNING THE LARGER OBLIGATION OF STATE OR FEDERAL OFFICIALS WHEN THEY KNOW AN INDIVIDUAL HAS BEEN SENTENCE FOR A CRIME HE DID NOT COMMIT.

IN 1997, MICHAEL HALEY WAS SENTENCED TO SERVE 16 YEARS AND 6 MONTHS IN PRISON FOR VIOLATING THE TEXAS HABITUAL OFFENDER LAW. TEXAS OFFICICIALS CONCEDE HALEY DID NOT

VIOLATE THIS LAW. THEY AGREE THAT HAILEY IS GUILTY ONLY OF THEFT, A CRIME WITH A 2 YEAR MAXIMUM SENTENCE. YET DESPITE THE FACT THAT HAILEY SERVED MORE THAN TWO YEARS IN PRISON FOR HIS CRIME, TEXAS OFFICIALS COME BEFORE OUR COURT OPPOSING HAILEY'S PETITION FOR RELIEF. THEY WISH TO SEND HAILEY BACK TO PRISON FOR A CRIME THEY AGREE HE DID NOT COMMIT.

THE RIGORS OF THE PENAL SYSTEM ARE THOUGHT TO BE MITIGATED TO SOME DEGREE BY THE DISCRETION OF THOSE WHO ENFORCE THE LAW. SEE, E.G. JACKSON, THE FEDERAL PROSECUTOR, 31 J. AM. INST. CRIM. L. & C. 3, 6 (1940-1941) THE CLEMENCY POWER IS DESIGNED TO SERVE THE SAME FUNCTION. AMONG ITS BENIGN IF TOO OFTEN IGNORED OBJECTS, THE CLEMENCY POWER CAN CORRECT INJUSTICES THAT THE ORDINARY CRIMINAL PROCESS SEEMS UNABLE OR UNWILLING TO CONSIDER. THESE MECHANISMS HOLD OUT THE PROMISE THAT MERCY IS NOT FOREIGN TO OUR SYSTEM. THE LAW MUST SERVE THE CAUSE OF JUSTICE.

THESE MITIGATING ELEMENTS SEEM TO HAVE PLAYED NO ROLE IN MICHAEL HAILEY CASE. EXECUTIVE DISCRETION AND CLEMENCY CAN IN-SPIRE LITTLE CONFIDENCE IF OFFICIALS SWORN TO FIGHT INJUSTICE CHOOSE TO IGNORE IT. PERHAPS SOME WOULD SAY THAT HAILEY'S INNOCENCE IS A MERE TECHNICALITY, BUT THAT WOULD MISS THE

[541 U.S. 400]

POINT. IN SOCIETY DEVOTED TO THE RULE OF LAW, THE DIFFERENCE BETWEEN VIOLATING OR NOT VIOLATING A CRIMINAL STATUTE CANNOT BE SHRUGGED ASIDE AS A MINOR DETAIL.

IT MAY BE THAT HAILEY'S CASE PROVIDES A CONVENIENT MECHANISM TO VINDICATE AN IMPORTANT LEGAL PRINCIPLE. BEYOND THAT HOWEVER, MICHAEL HAILEY HAS A GREATER INTEREST IN KNOWING THAT HE WILL NOT BE REINCARCERATED FOR A CRIME HE DID NOT COMMIT. IT IS NOT CLEAR TO ME WHY THE STATE DID NOT EXERCISE ITS POWER AND PERFORM ITS DUTY TO VINDICATE THAT INTEREST IN THE FIRST PLACE.

CONCLUSION AND PRAYER FOR RELIEF

FOR THE FOREGOING REASONS THIS COURT MUST DETERMINE THAT APPLICANT'S GUILTY VERDICT CANNOT STAND AND THAT APPLICANT IS ENTITLED TO EITHER A VERDICT OF GUILT ON THE OFFENSE OF MISDEMEANOR DWI OR ENTITLED TO HAVE THAT MATTER REVERSED AND THIS COURT RENDER AN ACQUITTAL BASED ON THE LACK OF SUFFICIENT EVIDENCE OR UPON THIS COURT'S DETERMINATION THAT APPLICANT HAS BEEN DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW, APPLICANT FURTHER RESPECTFULLY REQUESTS THAT, IN ADDITION TO OR IN LIEU OF THE REQUESTED RELIEF THIS COURT GRANT WHATEVER RELIEF IS DEEM APPROPRIATE UPON THE LEGAL JUSTIFICATION FOR RELIEF PRESENTED TO THIS HONORABLE JUDGE OF THE COURT, APPLICANT ALSO WOULD REQUEST TO HAVE THE 2001 DWI AND 1992 DWI'S FOR BEING USE ILLEGALY.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118
EASTHAM UNIT 12-5
2665 PRISON Rd #1
LOVELADY, TEXAS 75851

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON AUGUST 24, 2015 SEPTEMBER 11, 2015 A TRUE AND CORRECT COPY OF APPLICANT'S WRIT OF HABEAS CORPUS 11.07 WAS MAIL TO THE DISTRICT CLERK TO FORWORD TO THE DISTRICT ATTORNEYS OFFICE BY U.S. FIRST CLASS MAIL, P.O. BOX 10536, LUBBOCK, TEXAS 79408.

Daniel Villa #1386118
EASTHAM UNIT 12-5
2665 PRISON Rd #1
LOVELADY, TEXAS 75851

**COURT OF CRIMINAL APPEALS OF TEXAS**
**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**SEEKING RELIEF FROM FINAL FELONY CONVICTION**
**UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

## INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The clerk of the trial court in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the form has been downloaded and the questions have been renumbered or omitted, your entire application will be dismissed and returned as non-compliant. If your application is returned as non-compliant, the clerk of the trial court will write a note of the defect on your application and return the form to you without filing it.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

7. Do not cite cases or other law in this application form. Do not make legal arguments in this form. Legal citations and arguments may be made in a separate memorandum.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the clerk of the convicting district court. Keep a copy of the application for your records.

10. You must notify the clerk of the convicting district court of any change in address after you have filed your application.

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _DANIEL UTLLA_

DATE OF BIRTH: _5-8-59_

PLACE OF CONFINEMENT: _EASTHAM UNIT, LOVELADY, TEXAS 75851_

TDCJ-CID NUMBER: _#1386118_ SID NUMBER: _____

(1) **This application concerns** (check all that apply):

☐ a conviction ☐ parole

☑ a sentence ☐ mandatory supervision

☐ time credit ☐ out-of-time appeal or petition for discretionary review

(2) **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

_137 DISTRICT COURT, LUBBOCK COUNTY_

(3) **What was the case number in the trial court?**

_2006-412699_

(4) **What was the name of the trial judge?**

_CECEIL PURYEOR BUT AT JURY BRADLEY UNDERWOOD_

Revised: March 5, 2007

1

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

_CHARLES CHAMBERS_

**(6)** What was the date that the judgment was entered?

_JUNE 6, 2006_

**(7)** For what offense were you convicted and what was the sentence?

_OWI - LIFE IN PRISON_

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_NA_

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea      ☐ guilty-plea bargain
☑ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

**(10)** What kind of trial did you have?

☐ no jury                ☑ jury for guilt and punishment

☐ jury for guilt, judge for punishment

**(11)** Did you testify at trial? If yes, at what phase of the trial did you testify?

_NO_

**(12)** Did you appeal from the judgment of conviction?

☑ yes              ☐ no

2

**If you did appeal, answer the following questions:**

(A)    What court of appeals did you appeal to? _7ᵗʰ COURT OF APPEALS_

(B)    What was the case number? _NO.07-06-6270_

(C)    Were you represented by counsel on appeal? If yes, provide the attorney's name:
_KELLY CLARK_

(D)    What was the decision and the date of the decision? _AFFIRM, AUGUST 10, 2009_

(13)    **Did you file a petition for discretionary review in the Court of Criminal Appeals?**

☑ yes        ☐ no

**If you did file a petition for discretionary review, answer the following questions:**

(A)    What was the case number? _PDR.NO 963-09_

(B)    What was the decision and the date of the decision? _REFUSED JAN 13, 2010_

(14)    **Have you previously filed an application for a writ of habeas corpus under Atricle 11.07 of the Texas Code of Criminal Procedure challenging _this conviction_?**

☑ yes        ☐ no

**If you answered yes, answer the following questions:**

(A)    What was the Court of Criminal Appeals' writ number? _Don't REMEMBER_

(B)    What was the decision and the date of the decision? _DENIED, AUGUST 10, 2011_

(C)    Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_BECAUSE IT WAS NOT UNTILL I GOT AG RESPONSE FROM MY 2254 THAT I FOUND OUT STATE WAS USING A 2001 DWI FELONY CONVICTION TO ELEVATE MY CASE TO A THIRD DEGREE FELONY AND TO ALSO USE IT TO GET ME AS A HABITUAL OFFENDER PLUS IT WAS PERJURY OR FRAUD TO USE IT BECAUSE THERE IS NO REPORTERS RECORD TO SHOW IT WAS USE DURING GUILT & INNOCENCE PLUS THIS STATEMENT WAS ONLY MADE TO STOP JUDGE FROM GRANTING EX POST FACTO CLAIM AND 10 YEAR RULE,_

3

_____

_____

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☑ yes                  ☐ no

If you answered yes, please provide the name of the court and the case number:

_SUPREME COURT NO.14-10445, FIFTH CIRCUIT 14-11257, 11.09 IN COUNTY COURT CAUSE NO. 92-490328_
_92-490392_

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                  ☑ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim?

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

_N/A_____

If you answered no, please explain why you have not submitted your claim:

_N/A_____

_____

_____

_____

_____

**(17)** Beginning on page 6, state _concisely_ every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. you must present each ground on the form application and a brief summary of the facts. _If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds._

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

APPLICANT RAISE'S THE EX POST FACTO CLAIM AGAIN BASE

ON NEWLY DISCOVER EVIDENCE.

**FACTS SUPPORTING GROUND ONE:**

FIRST OF ALL THERE WAS NEVER A INTERVENING CONVICTION

SUBMITTED TO THE TRIAL COURT DURING CASE IN CHIEF WHICH WAS

A REQUIREMENT. IN ATTORNEY GENERAL RESPONSE TO 2254 ON
PAGE 15,16,17 TO (CLAIM 1A) SHE STATE'S AND HIS CURRENT OFFICE COMMITTED
AUGUST 27, 2005 WAS COMMITTED MORE THAN TEN YEAR FROM ENTRY OF
THE NOVEMBER 13, 1992 JUDGEMENT, AS DESCRIBE IN 49.09 (E)(2)(A), BUT
UILIA'S PRIOR CONVICTIONS DID NOT MEET THE REQUIREMENT OF 49.09 (E)(3)
BECAUSE HE WAS CONVICTED OF ANOTHER DWI OFFICE ON APRIL 27, 2001
WITHIN TEN YEARS (10) OF THE 1992 CONVICTIONS, 8 R.R. STATE'S EXHIBIT 2.
THE REASON THE ASSISTANT ATTORNEY GENERAL MADE THIS STATEMENT IS BE-
CAUSE THATS THE ONLY WAY TO STOP THE EX POST FACTO CLAIM AND TEN YEAR
RULE OR ELSE THE JUDGE HAD TO GRANT EX POST FACTO AND 10 YEAR RULE.
BUT IT WAS NEVER BROUGHT UP DURING CASE IN CHIEF AS A INTERVENING
CONVICTION AND IT WAS A REQUIREMENT. BUT WHEN SHE MADE
THAT STATEMENT THERE IS NO REPORTERS RECORD TO SHOW IT WAS
INTRODUCE, THAT WHY THIS IS NEWLY DISCOVER EVIDENCE. THAT
IS WHY THIS IS FRAUD, MISTAKE OR PERJURY, JUST SO THE FEDERAL
JUDGE WOULD NOT GRANT THE EX POST FACTO AND 10 YEAR RULE,

Rev. 01/14/14

**GROUND ~~ONE~~ TWO:**

APPLICANT ARGUES HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HE FAIL TO ARGUE THAT THERE WAS NEVER A INTERVENING CONVICTION SUBMITTED TO COURT DURING CASE IN CHIEF.

**FACTS SUPPORTING GROUND ONE:** APPLICANT ARGUES THAT THIS IS NEWLY DISCOVER EVIDENCE BECAUSE WHEN THE ASSISTANT ATTORNEY GENERAL RESPONDED TO 22.54 ON PAGE 17, IT SAYS BUT, VILLA'S PRIOR CONVICTION DID NOT MEET THE REQUIREMENT (NOTE SHE EVEN SAYS ITS A REQUIREMENT) OF 49.09 (E)(3) BECAUSE HE WAS CONVICTED OF ANOTHER DWI OFFENSE ON APRIL 27, 2001 WITHIN (10) YEARS OF THE 1992 CONVICTIONS. 8 RR. STATE EXHIBIT 7. THIS IS A JUDGEMENT AND SENTENCE THAT WAS USE TO CHARGE APPLICANT AS A HABITUAL OFFENDER, ONLY IN THIS CASE IT COULD NOT BE USE TO STOP THE EXPOST FACTO OR 10 YEAR RULE BECAUSE BY USING IT NOW THE STATE HAS COMMITTED FRAUD, MISTAKE, OR PERJURY TO THE COURT BECAUSE IT WAS NEVER INTRODUCE TO TRIAL COURT AND THERE IS NO REPORTER'S RECORD. ALSO BY MAKING THAT STATEMENT THE STATE HAS VIOLATED PENAL CODE 49.09 (F) THAT WAS INEFFECT ON AUGUST 27, 2005. BY TRIAL COUNSEL NOT OBJECTING THAT THERE WAS NO INTERVENING CONVICTION WAS A CRITICAL STEP SINCE VILLA PLEA NOT TRUE TO ALL ENHANCEMENTS, AND IF HE WOULD HAVE OBJECTED THAT THEIR WAS NO INTERVENING CONVICTION THE STATE WOULD HAVE HAD TO HONOR THE 10 YEAR RULE AND EX POST FACTO CLAIM. BY ATTORNEY NOT ARGUEING THE INTERVENING CONVICTION NOT BEING

6

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

SUBMITTED OR DISCLOSE HAS PREJUDICE APPLICANT BECAUSE HIS

CASE WOULD HAVE BEEN A MISDEMEANOR AS OPPOSE TO A FELONY.

ALSO HAS BEEN PREJUDICE BY HIS SENTENCE TO BE SENTENCE TO

A MISDEMEANOR INSTEAD OF A LIFE SENTENCE, ALL BECAUSE

COUNSEL FAIL TO OBJECT.

7

**GROUND THREE:**
APPLICANT CLAIMS THE ACTUAL INNOCENCE VIOLATION. APPLICANT ASKS THE COURT TO APPLY THE _DRETKE V. HALEY_ 124 S.CT. 1847 APPLICATION.

**FACTS SUPPORTING GROUND THREE:**
APPLICANT IS ALLEGING THAT EVIDENCE WAS AND IS INSUFFICIENT TO SUPPORT HIS HABITUAL OFFENDER CONVICTION AND THAT HIS COUNSEL WAS INEFFECTIVE. APPLICANT AN ACCUSED WAS FOUND GUILTY ON A TEXAS CHARGE OF FELONY DWI, WHILE THIS OFFENSE OTHERWISE WOULD HAVE BEEN PUNISHABLE AS A MISDEMEANOR OR 2-20 YEARS IN PRISON, THE ACCUSED ALSO WAS CONVICTED IN A SEPARATE PENALTY HEARING ON A HABITUAL FELONY OFFENDER CHARGE. AS A RESULT, THE ACCUSE RECEIVE AN ENHANCED SENTENCE TO LIFE IN PRISON, THIS HABITUAL-FELONY-OFFENDER ENHANCEMENT OCCURRED EVEN THOUGH THE ASSISTANT ATTORNEY GENERAL OR DISTRICT ATTORNEYS HAS COMMITTED FRAUD OR MISTAKE OR PERJURY WHEN THE ASSISTANT ATTORNEY GENERAL MADE THIS STATEMENT IN RESPONSE TO 2254 ON PAGE 17 IT SAYS AND, HIS CURRENT OFFENSE COMMITTED AUGUST 27, 2005, WAS COMMITTED MORE THAN TEN YEARS FROM ENTRY OF THE NOVEMBER 13, 1992 JUDGEMENT AS DESCRIBED IN 49.09 (E) (2) (A). BUT, VILLA'S PRIOR CONVICTIONS DID NOT MEET THE REQUIREMENT OF 49.09 (E) (3) BECAUSE HE WAS CONVICTED OF ANOTHER DWI OFFENSE ON APRIL 27, 2001 WITHIN TEN (10) YEARS OF THE 1992 CONVICTIONS 8RR.

8

**FACTS SUPPORTING GROUND FOUR:**

THE ONLY REASON THE ATTORNEY GENERAL MADE THIS STATEMENT IS BECAUSE THAT'S THE ONLY WAY TO STOP JUDGE FROM GRANTING THE EX POST FACTO CLAIM AND 10 YEAR RULE, BECAUSE IT WAS NEVER BROUGHT UP DURING CASE IN CHIEF, APPLICANT DID NOT KNOW IT WAS BEING USE TO ELEVATE TO THIRD DEGREE FELONY AND TO GET HIM AS HABITUAL OFFENDER WHICH MAKES THIS SENTENCE NOT AUTHORIZED BY LAW UNDER PENAL CODE 49.09 (F) THAT WAS IN-EFFECT IN AUGUST 27, 2005 THE DAY OF APPLICANT'S CRIME, A DEFECT THAT RENDER'S A SENTENCE VOID MAY BE RAISE AT ANY TIME.

9

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HEY MAY BE ENTITLED IN THIS PROCEEDING.**

10

# VERIFICATION
(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

## OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____.

_____, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF

THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS

STATED IN THE APPLICATION ARE TRUE.


_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____.


_____
Signature of Notary Public


## INMATE'S DECLARATION

I, _DANIEL VILLA #1386118_____, BEING PRESENTLY

INCARCERATED IN _BYRSTHAM UNIT, LOVELADY, TX_____, DECLARE UNDER

PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN

THE APPLICATION ARE TRUE AND CORRECT.


SIGNED ON _8-26-15_____.


_Daniel Villa_____
Signature of Applicant

_____
Signature of Attorney

Attorney Name: _____

SBOT Number: _____

Address: _____

_____

_____

Telephone: _____

12



EXHIBIT - 7

## OFFICE OF THE DISTRICT CLERK
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79408-3536
(806) 775-1317

BARBARA SUCSY
DISTRICT CLERK
JUDY BORDER
CHIEF DEPUTY

September 24, 2015

**TO:** Daniel Villa, TDCJ #1386118
Trial Court Writ No. 2006-412,699-C

☒ The Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 was filed in the above referenced case on September 24, 2015.

☐ Pursuant to Texas Government Code § 81.101, the District Clerk's Office <u>shall</u> <u>not</u> give legal advice. This prohibits our staff from recommending (1) whether to file a certain pleading; (2) wording or content for a pleading; (3) specific people against whom to file pleadings; and (4) whether or not parties should attempt to settle a dispute prior to trial; it further prohibits staff from (5) interpreting statutes and (6) performing legal research for a party by researching case law, statutes, opinions, etc.

☐ All public records in this office are available for inspection by you or your agent <u>at</u> <u>this</u> <u>office</u> during regular business hours.

☐ To locate any one cause when the person requesting same does not furnish the docket number of said cause, a $5.00 fee is charged in advance.

☐ To ascertain the existence or nonexistence of any instrument or record in this office, a $5.00 fee is charged in advance.

☐ Our regular fee for copying is $1.00 for each page. A Pauper's Affidavit provides for filing and service of process. It does not provide for free copies.

☐ If you are a defendant in a criminal action, copies of all official documents are routinely provided to your attorney. We do not provide additional free copies. We recommend that you contact your attorney.

☐ The Texas Open Records Act does not apply to judicial records.

☐ You must provide your own forms for motions and orders. The District Clerk's Office files and maintains official records for the District Courts. We do not bring matters before the Court or distribute copies to other persons or entities unless ordered to do so by the Court. It is the litigant's responsibility to see that motions, etc. are presented to the Court. If a hearing is necessary, you should contact the District Courts Administrative Office and request a hearing.

☐ If you cannot pay court costs, the petition must be accompanied by :
   (1) an affidavit or unsworn declaration of inability to pay costs;
   (2) a separate affidavit identifying any suit (except family law suits) brought by you in which you were not represented by an attorney as set forth in Section 14.004, Civil Practice & Remedies Code; and
   (3) a CERTIFIED copy of trust account statement required by §14.006(f), Civil Practice & Remedies Code.

☐ Illegible document.

☐ Document not signed.

☐ Not original signature (copy)

Deputy District Clerk